## Commonwealth v. Galvin (No. 2)

*Richard Reynolds,* for the Commonwealth.
*William C. Bispels,* for defendant.

SCHAEFFER, *P.J.,* February 21, 1996—Before the court is the Commonwealth's motion in limine and defendant, Bryan Sean Galvin's, motion to quash. In its motion, the Commonwealth is seeking a pre-trial determination of the admissibility of certain evidence. Defendant requests that this court quash the Commonwealth's motion on the grounds that a motion in limine is only properly filed to *exclude* evidence, not obtain a ruling before trial that certain evidence is admissible. Defendant further asserts that the evidence the Commonwealth seeks to have deemed admissible tends to show that the defendant committed the killing for which he is accused with malice, and that double jeopardy issues preclude the jury from now finding malice. Accordingly, the defendant maintains the evidence is inadmissible.

On October 4, 1991, defendant was arrested and charged with third degree murder,[1] voluntary manslaughter,[2] involuntary manslaughter,[3] aggravated assault[4] and possessing instruments of crime.[5] The charges arose out of a fight between defendant and one Todd Heck which occurred at the apartment of Norlina Heck, Todd's sister and defendant's girlfriend. Defendant was tried by a jury and convicted of voluntary manslaughter,

---

1. 18 Pa.C.S. §2502(c).
2. 18 Pa.C.S. §2503.
3. 18 Pa.C.S. §2504(a).
4. 18 Pa.C.S. §§2702(a)(1) and 2702(a)(4).
5. 18 Pa.C.S. §2502(c).

aggravated assault and possessing instruments of crime. Defendant was acquitted of third degree murder.

Defendant subsequently filed a pro se petition, raising the ineffectiveness of trial counsel. Specifically, defendant contended that his trial counsel was ineffective for failing to interview his sister, Sue Galvin, as a potential witness.[6] After hearing, this court held that trial counsel's failure to interview Ms. Galvin constituted ineffective assistance and accordingly granted defendant a new trial. The Superior Court affirmed.

We are now confronted with the aforementioned cross-motions. Defendant's motion to quash is hereby denied. Although motions in limine have traditionally been used as a tool whereby a party may have evidence ruled inadmissible prior to trial, there is no prohibition to using a motion in limine to obtain a pre-trial ruling on the admissibility of evidence a party will seek to admit. A motion in limine is a "relatively modern device for obtaining rulings on the admissibility of evidence prior to trial." Packel and Poulin, Pennsylvania Evidence, §103.3, p. 12.

The instant case provides the perfect example for why the Commonwealth should be permitted to obtain a pre-trial ruling on evidence it will seek to admit during trial. Defense counsel avers in his motion that he will file a motion in limine seeking to exclude the same evidence which is the subject of the Commonwealth's instant motion after the jury has been sworn. By waiting to file the motion until after the jury is sworn, defense counsel prevents the Commonwealth from taking an

---

6. Ms. Galvin, defendant asserted, found a knife in the kitchen of Ms. Heck's apartment and would have testified so at trial. Defendant claimed that Mr. Heck had instigated the fight and had possessed a meat fork and knife when doing so. The police had uncovered the meat fork but never found the alleged knife. Ms. Galvin's testimony lended credibility to defendant's statement.

appeal of this court's ruling. *Commonwealth v. Cohen,* 529 Pa. 552, 605 A.2d 1212 (1992).

However, the Commonwealth has a right to take an appeal from adverse pre-trial evidentiary rulings when the court excludes evidence which effectively terminates or substantially handicaps the prosecution. *Id.* If this court refused to allow the prosecution to file its motion in limine, defendant would be able to wait until the jury is sworn to file his motion seeking exclusion and, if granted, the Commonwealth would be prevented from appealing said ruling, thus frustrating the appeal rights our appellate courts have held belong to the Commonwealth.

As for the Commonwealth's motion, the evidence the Commonwealth will seek to admit at trial regarding the number, location, and force necessary to inflict the wounds suffered by Mr. Heck, namely the defendant's statement and the testimony of Dr. Neil Hoffman, is relevant and admissible for the purpose of showing the intent to kill required for voluntary manslaughter. As no party has brought the issue of double jeopardy in relation to malice and the aggravated assault charge such is not before the court at this time.

Accordingly, the court enters the following order:

## ORDER

And now, February 21, 1996, upon consideration of defendant, Bryan Sean Galvin's, motion to quash, it is hereby ordered that said motion is denied.

Upon consideration of the Commonwealth's motion in limine, it is hereby ordered that the statement of the defendant and the testimony of Dr. Neil Hoffman are admissible for the purpose of showing intent.